UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
DAVID R. HOLMES,

      Petitioner,

  -against-

DEMARCO, SUFFOLK COUNTY CORRECTIONAL
FACILITY,

      Respondent.
----------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAY 14 2013 ★

ORDER LONG ISLAND OFFICE
13-CV-00401 (SJF)

FEUERSTEIN, District Judge:

On January 16, 2013, *pro se* petitioner David R. Holmes ("petitioner") filed the instant *in forma pauperis* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a criminal proceeding pending in the New York State Supreme Court, Suffolk County under criminal docket number 02016E-2012. Since petitioner's financial status, as set forth in his declaration in support of his application to proceed *in forma pauperis*, qualifies him to commence this action without prepayment of the Court's filing fee, see 28 U.S.C. § 1915, the application to proceed *in forma pauperis* is granted for the limited purpose of this order. However, for the reasons set forth below, the petition is dismissed as premature.

## BACKGROUND

Though petitioner alleges that he was convicted of "conspiracy 2nd intent to perform a class A felony" following a jury trial (see Petition at ¶¶ 1,4,7), petitioner has not yet been tried on these charges. According to the case information maintained by New York State Unified Court System, petitioner was arrested on July 7, 2012 and charged with conspiracy in the first degree in violation of New York Penal Law § 105.15. On August 8, 2012, a grand jury returned a true bill of indictment.[1] On August 13, 2012, petitioner was additionally charged with multiple counts of criminal sale of a

---

[1] See New York State Unified Court System, WebCrims, Case Details-Appearances, available at http://iapps.courts.state.ny.us/webcrim (last visited May 10, 2013).

controlled substance in the third degree in violation of New York Penal Law § 220.39, multiple counts of criminal possession of a narcotic drug in violation of New York Penal Law § 220.16 and one (1) count of conspiracy in the fourth degree in violation of New York Penal Law § 105.10. Id. During his arraignment on August 16, 2012, petitioner entered a not guilty plea to the charges against him. Id. Bail was set at two hundred thousand dollars ($200,000.00) cash or five hundred thousand dollars ($500,000.00) bond, neither of which were posted, and petitioner was remanded. Id. Petitioner, through court-appointed counsel, moved to dismiss the criminal case and his motion was denied on December 14, 2012. Id. Petitioner subsequently moved for the reassignment of counsel and that motion was granted on January 24, 2013. Id. Petitioner's next court date is scheduled for June 5, 2013. Id.

DISCUSSION

"A federal court only has jurisdiction to hear a petition filed pursuant to title 28 U.S.C. section 2254 where the petitioner is 'in custody pursuant to the judgment of a State court.'" Henry v. Davis, No. 10-CV-5172, 2011 WL 319935, at *1 (E.D.N.Y. Jan. 26, 2011) (quoting 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States"). Furthermore, an application for a writ of habeas "shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A); see also Cullen v. Pinholster, — U.S. —, 131 S. Ct. 1388, 1399, 179 L. Ed. 2d 557 (2011) ("Section 2254(b) requires that prisoners must ordinarily exhaust state remedies before filing for federal habeas relief."); Jones v. Murphy, 694 F.3d 246-47 (2d Cir. 2012), cert. denied, 133 S. Ct. 1247 (Feb. 19, 2013) ("Under AEDPA, a prisoner in custody

2

pursuant to a state court judgment must generally exhaust state court remedies before seeking federal habeas corpus review.") "Exhaustion of state remedies requires that a petitioner fairly present federal claims to the state courts in order to give the state the opportunity to pass upon and correct alleged violations of its prisoners' federal rights," Cornell v. Kirkpatrick, 665 F.3d 369, 375 (2d Cir. 2011) (quoting Carvajal v. Artus, 633 F.3d 95, 104 (2d Cir. 2011), cert. denied, 132 S. Ct. 265, 181 L. Ed. 2d 155 (2011)), i.e., the "petitioner must 'present[ ] his [or her] claim to the highest court of the state.'" Galdamez v. Keane, 394 F.3d 68, 73 (2d Cir. 2005) (alterations in original) (quoting Morgan v. Bennett, 204 F.3d 360, 369 (2d Cir. 2000)).

Since petitioner has neither been convicted of the offenses with which he is charged nor exhausted his state court remedies, both of which are necessary to the filing of a habeas petition under Section 2254, the petition is dismissed without prejudice as premature. See, e.g. Johnson v. New York, No. 11-cv-2237, 2011 WL 1933726, at * 1 (E.D.N.Y. May 18, 2011).

CONCLUSION

For the reasons set forth above, the petition for a writ of habeas corpus is dismissed without prejudice as premature. A certificate of appealability shall not issue as petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). The Court certifies pursuant to 28 U.S.C. 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962). The Clerk of the Court is directed to close the case.

**SO ORDERED**.

_____
Sandra J. Feuerstein
United States District Judge

Dated: May 14, 2013
Central Islip, New York